UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD DRESCHER, | ) | Case No. 08CV2010 |
| | ) | |
| Plaintiff, | ) | Judge Norgle, Sr. |
| | ) | |
| -vs- | ) | Mag. Judge Denlow |
| | ) | |
| INLAND MARINE SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF INLAND MARINE SERVICE, INC.**

**NOW COMES** the Defendant INLAND MARINE SERVICE, INC., by and through its attorneys, Schroeder, Maundrell, Barbiere & Powers and Belgrade and O'Donnell, P.C., and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

1.  Jurisdiction and venue properly lie in this action, Defendant conducting business in this District, in which State-Illinois-Plaintiff is a citizen, and Defendant is a Kentucky corporation with a principle place of business in Kentucky; furthermore, the amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, per 28 USC 1332, Diversity of Citizenship.

**ANSWER:** Defendant admits it is a Kentucky corporation with its principal place of business located in the Commonwealth of Kentucky. Further answering, Defendant lacks sufficient information to either admit or deny each and every additional allegation contained in Paragraph 1.

2.  At all times material to issues herein Defendant was the operator of a certain vessel christened the J.B. Klein Peter, which was being operated by an unlicensed individual, giving rise to burden shifting per the Pennsylvania Rule.

**ANSWER:** Defendant admits it was the operator of the M/V J.B. Kleinpeter in December,

1

2007.  Further answering, Defendant denies each and every additional allegation set forth in paragraph 2 of Plaintiff's Complaint.

    3.    On or about December 24, 2007, Plaintiff was in the course of employment with Columbia Marine when Defendant's vessel the J.B. Klein Peter, being operated by an unlicensed crewman (negligence <u>per se</u>), was operated without reasonable care resulting in a line breaking with Plaintiff being injured fleeing therefrom.  <u>Albeit</u>, Defendant will be unable to prove the Plaintiff's injury could not have been caused by its negligence.

    **ANSWER:**    Defendant denies each and every allegation set forth in paragraph 3 of Plaintiff's Complaint.

    4.    Defendant's tortuous acts aforesaid caused or contributed to Plaintiff's damages, **inter alia**, as follows:

    a.    Pain and suffering, past, present and future;

    b.    Mortification, humiliation, fright shock and embarrassment

    c.    Loss of earnings and earning capacity;

    d.    Hospital, pharmaceutical and other cure expenses;

    e.    Aggravation of prior condition, if Any there be;

    f.    Inability to engage in social, recreational, And other pursuits previously enjoyed;

    g.    Mental anguish;

    h.    Found;

    i.    Attorney fees.

**ANSWER:** Defendant denies each and every allegation set forth in paragraph 4 of Plaintiff's Complaint, including subparas. a. through i., inclusive.

**WHEREFORE**, the Defendant, INLAND MARINE SERVICE, INC., denies that Plaintiff RICHARD DRESCHER is entitled to damages in any amount whatsoever and further prays that this court dismiss Plaintiff's Complaint with prejudice and award INLAND MARINE SERVICE, INC., its costs.

## AFFIRMATIVE DEFENSES

Without prejudice to its denials or any and all other statements made in its Answer, the Defendant INLAND MARINE SERVICE, INC., states as its Affirmative Defenses to Plaintiff's Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendant.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Defendant.

### THIRD AFFIRMATIVE DEFENSE

Venue is improper in this Court.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the negligence of Plaintiff and his damages must be reduced by a percentage equal to the degree of his fault.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate his damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were caused by the negligence, misfeasance or malfeasance of some other person or entity for which this Defendant is not liable.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were caused by an unforeseeable, superseding and/or intervening cause for which this Defendant is not liable.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has received payments and/or benefits which constitute a set-off and should reduce or diminish recovery by Plaintiff herein in the amount of such payments.

**TENTH AFFIRMATIVE DEFENSE**

Defendant gives notice that it intends to rely upon each and every affirmative defense and avoidance available to it and reserves the right to amend this Answer should additional defenses become relevant.

**WHEREFORE,** the Defendant INLAND MARINE SERVICE, INC., denies that Plaintiff, RICHARD DRESCHER, is entitled to judgment against it in any amount whatsoever and further prays that this Court dismiss Plaintiff's lawsuit with prejudice and award Defendant its costs. In the alternative, and to the extent any damages are awarded to Plaintiff, RICHARD DRESCHER, said amount of damages should be reduced in proportion to the amount of negligence, misconduct and/or fault attributable to Plaintiff, and, if the negligence, misconduct and/or fault on the part of Plaintiff is determined by the trier-of-fact to be the proximate cause of the alleged injuries and damages for

which Plaintiff seeks recovery, then, under law, Defendant should not be held liable to Plaintiff.

**DEFENDANT DEMANDS TRIAL BY JURY**

**INLAND MARINE SERVICE, INC.,**

By:   s/ Steven B. Belgrade
     One of Its Attorneys

| | |
|---|---|
| Steven B. Belgrade | Todd M. Powers |
| James Saranteas | Megan c. Ahrens |
| **Belgrade and O'Donnell, P.C.** | **Schroeder, Maundrell, Barbiere & Powers** |
| 20 North Wacker Dr., Suite 1900 | 11935 Mason Road, Suite 110 |
| Chicago, IL 60606 | Cincinnati, Ohio 45249 |
| (312) 422-1700 | 513-583-4200 |

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 7, 2008, the foregoing was filed electronically with the Clerk using the CM/ECF system, which will send electronic service to the following.  In addition, a paper copy of the same was served upon the Court pursuant to Local Rule 5.2(e).

| | |
|---|---|
| Dennis M. O'Bryan | Frederic Mendelsohn |
| O'Bryan Baun Cohen Kuebler | Burke, Warren, MacKay & Serritella, P.C. |
| 401 S. Old Woodward, Suite 450 | 22nd Floor, 330 North Wabash |
| Birmingham, MI  48009 | Chicago, IL 60611-3607 |
| 248-258-6262 | 312-840-7004 |
| 248-258-6047 fax | 312-840-7900 fax |
| dob@obryanlaw.net | fmendelsohn@burkelaw.com |

                            s/ Steven B. Belgrade